**BOARD OF REGENTS, Texas State University System, et al., Appellants,**

v.

**WALKER COUNTY HISTORICAL COMMISSION, Appellee.**

No. B2561.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 1, 1980.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Paul R. Gavia, Chief Asst. Atty. Gen., Lonny Zwiener, Richard Rafes, Asst. Attys. Gen., Austin, for appellants.

William L. McAdams, Huntsville, for appellee.

Before COULSON, MILLER and SALA-ZAR, JJ.

COULSON, Justice.

Appellant, The Board of Regents of the Texas State University System; Sam Houston State University; Sue Flanagan; Bell, Klein and Hoffman, Architectural and Restoration Consultants, Inc.; and Cox Restoration Co., hereinafter jointly referred to as appellants, appeal from a temporary injunction rendered in favor of appellees, Walker County Historical Commission, George H. Russell, and Thomas G. Anders, hereinafter referred to as appellees. The suit was brought by the appellees to restrain appellants from proceeding with the restoration of Sam Houston's "Woodland" home. We reverse and render judgment for the appellants.

Sam Houston's "Woodland" home is under the general control of the Board of Regents of the Texas State University System. The home has been designated as a national historic landmark but has never been designated a state landmark. In 1979, the Board of Regents commissioned the architectural firm of Bell, Klein and Hoffman to develop the detailed plans for the restoration of Sam Houston's home. Cox Restoration Company was awarded a contract for the construction work. Actual work began on the home. The Walker County Historical Commission, which derives its authority from Tex.Rev.Civ.Stat.Ann. art. 6145.1 (Vernon Supp. 1979), and the other appellees, objected to the manner in which the restoration was to be performed. On July

29, 1980, appellees obtained a temporary restraining order from the district court in Walker County, Texas, against the continuation of the restoration work. After a hearing on August 15, 1980, the court issued a temporary injunction against appellants from performing further work until a permit upon full hearing was obtained from the Antiquities Committee. The court relied upon the Antiquities Code of Texas. Tex. Natural Resources Code Ann. § 191.-001–191.174 (Vernon 1978). The appellants now appeal and request that the temporary injunction be dissolved and the restoration of the home be allowed to continue.

In point of error No. 1, appellants contend that the district court erred in finding that a permit for the restoration of the Sam Houston home is required by the Antiquities Committee. Appellants argue that the Antiquities Code of Texas, specifically § 191.051(b)(2), vests in the Antiquities Committee the responsibility of designating state archeological landmarks. Appellants also argue that a landmark designation must be made before the Antiquities Code is applicable. When such a designation is made, § 191.131 of the Antiquities Code of Texas requires that a permit be obtained before any operations may be conducted on the landmark. Appellants contend that since Sam Houston's home has never been designated as a state landmark, the Antiquities Committee is not authorized nor required to issue a permit to appellants. We agree. The Texas Supreme Court, in construing § 4 of the former Antiquities Code, 1969 Tex.Gen.Laws, ch. 2, § 4, at 99, which is similar to § 191.051 of the Antiquities Code now in effect, stated:

> The Antiquities Code does not give the Antiquities Committee authority over buildings in the National Register; instead, the Code only gives the Committee authority over buildings which the Committee has designated as a State Archeological Landmark. Since the Committee has not designated the buildings as State Archeological Landmarks, the College District does not need the Committee's permission before demolishing the buildings.

*Texas Antiquities v. Dallas Cty. Community*, 554 S.W.2d 924, 926 (Tex.1977). We sustain appellants' first point of error and hold that the district court erred in finding that a permit from the Antiquities Committee was required before appellants could restore Sam Houston's home. The temporary injunction is dissolved. The restoration may proceed.

Inasmuch as we regard point of error No. 1 as dispositive of this appeal, it is unnecessary for us to consider appellants' remaining points of error. We overrule appellees' cross point wherein appellees contend the trial court erred in failing to find that appellants did not give sixty days notice to the Texas Historical Commission as required by Tex.Rev.Civ.Stat.Ann. art. 6145, § 12(2) (Vernon Supp. 1979). Included within the transcript and in evidence is an affidavit from Truett Latimer, Executive Director of the Texas Historical Commission, in which he states that appellants complied with all notice requirements of the statute.

Reversed and rendered.